UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0448-B |
| | § | |
| JEFFREY NDUNGI SILA, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Jeffrey Ndungi Sila ("Sila")'s Motion for Compassionate Release (Doc. 223). For the reasons set forth below, the Court **DENIES** Sila's Motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After a jury found Sila guilty of two counts of theft of public funds and aggravated identity theft and aiding and abetting, the Court sentenced him to eighty-seven months of imprisonment and two years of supervised release. Doc. 169, J., 1–3. Sila, who is now thirty-seven years old, is serving his sentence at the Victorville Medium I Federal Correctional Institute ("FCI–Victorville") and is scheduled to be released on November 15, 2022.[1] Sila filed the instant motion on March 1, 2022, requesting compassionate release and "appointment of counsel . . . [i]f the court deems it necessary." Doc. 223, Mot., 5. The Court reviews Sila's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited March 16, 2022).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

As explained below, the Court denies Sila's request for compassionate release because he has not provided proof of exhaustion or shown extraordinary and compelling reasons for his release.

A.    *Sila is Not Entitled to Appointment of Counsel*

Sila's request for appointment of counsel is **DENIED**. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g., United States v. Strother*, 2021 WL 2188136, at *2 (E.D. Tex. May 27, 2021); *United States v. Contreras*, 2021 WL 1536504, at *1 (E.D. Tex. Apr. 19, 2021) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing [the] claim") (quoting *United States v. Molina-Flores*, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018)). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed

under § 3582(c)(1)(A). *United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022); *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020), *aff'd*, 829 F. App'x 73 (5th Cir. 2020); *see, e.g., Contreras*, 2021 WL 1536504, at *2; *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And here, Sila's motion presents a straightforward claim urging an expedited deportation to Nigeria, which is not legally or factually complex. *Cf. Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally") (quoting *United States v. Drayton*, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020)). Therefore, the Court finds that Sila is not entitled to appointment of counsel.

B.   *Compassionate Release Is Not Appropriate*

1.   Sila Has Not Shown Proof of Exhaustion

Sila's request for compassionate release fails because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[2]

In his motion, Sila states that "he submitted a written request for Compassionate Release to the Warden" and "[m]ore than 30 days have elapsed without response." Doc. 223, Mot., 1. But Sila does not attach any proof that he requested relief from the warden of his facility, much less that the

---

[2] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

warden denied his request. *See generally id.* Without evidence that Sila requested compassionate release from the warden and that thirty days have passed since the warden received such request, Sila has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *See United States v. Knox*, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding the exhaustion requirement was not met where a defendant provided a copy of a letter purportedly sent to the warden but did not provide proof the warden received the letter); § 3582(c)(1)(A). Thus, the Court **DENIES** Sila's Motion because he has not shown he exhausted his administrative remedies.

2.    Regardless of Exhaustion, Sila Has Not Demonstrated Extraordinary and Compelling Reasons for Release

Sila has also not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (cleaned up).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical

-4-

condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C).[3] The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13).

"Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Sila's Motion in light of § 1B1.13 and applying its discretion, the Court concludes that Sila has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). At the outset, the Court notes that Sila's motion almost exclusively argues for compassionate release premised on the catch-all category of § 1B1.13, which allows for compassionate release when "an extraordinary and compelling reason other than, or in combination with, the [three listed] reasons." § 1B1.13(1)(A) & cmt. n.1. He generally argues his situation warrants release from prison to start the removal process to Nigeria. Doc. 223, Mot., 1–4. The Court now addresses each of his arguments.

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1(D).

First, Sila argues that the Court relied on a guideline miscalculation during his sentencing.[4] *Id.* at 1. He contends the Court was "skeptical" of the loss amount and asked the prosecutor, defense attorney, and probation officer "to provide the loss amount"—but none did. *Id.* at 1–2. Had the actual figure been provided, Sila states the amount "would have been between [$]550,000 and [$]1,000,000, 4 levels below" the sentencing guideline used by the Court. *Id.* at 2.

Sila misconstrues the discussion in the Court that day. The Court asked for a calculation of fifty transactions because that amount went directly to one account associated to only Sila. Doc. 220, Tr., 14–15. The discussion occurred as follows:

> Mr. Gilstrap: Fifty of these go into that bank account.
> The Court: How much money is that?
> Mr. Gilstrap: I don't have that exact sum, but that goes back all the way to March of 2014 and continues through.

*Id.* Sila was sentenced for the full amount, $3.9 million for 213 transactions, and not the sum of these fifty transactions. *Id.* at 35–36 ("And I wanted to know if the Government had enough proof to hold him responsible for 3.9, and I think they do."). Sila's first argument is without merit.

Second, Sila contends that, because of his ICE detainer, he is ineligible for home confinement and will "spend several months/years under prison-like conditions while . . . undergoing removal proceedings." Doc. 223, Mot., 3. In at least one instance, he says, a court granted compassionate release for a prisoner deserving of home confinement, but ineligible because of the pending deportation. *Id.* (citing *United States v. Reyes-De La Rosa*, 2020 WL 3799523 (S.D. Tex. July 7, 2020).

---

[4] The Court notes that "Sila d[id] not dispute the district court's loss calculation or any other matter related to sentencing" in his second appeal to the Fifth Circuit, *United States v. Sila*, 2022 WL 327014, at *1 (5th Cir. Feb. 3, 2022), and a § 3582(c)(1) motion is not the proper avenue to attack a sentence. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("A modification proceeding is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal."). Even so, the Court addresses Sila's argument in full because it is without merit.

In the cases on which Sila relies, each court found that extraordinary and compelling reasons warranted a reduction in sentence or modification of the sentence **before** examining the deportation aspect. *United States v. Reyes-De La Rosa*, 2020 WL 3799523, at *3 (S.D. Tex. July 7, 2020) (medical reasons supported finding extraordinary and compelling reasons); *United States v. Morrison*, 2020 WL 3447757, at *5 (D. Md. June 24, 2020) (same); *United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154, 1158 (S.D. Cal. 2020) (same); *United States v. Guntipally*, 2020 WL 6891827, at *2 (Nov. 23, 2020) (same); *United States v. Olawoye*, 477 F. Supp. 3d 1159, 1164–65 (D. Or. 2020) (same). These cases do not support Sila's proposition that an ICE detainer alone establishes an extraordinary and compelling reason for release. Sila has not shown extraordinary and compelling reasons to warrant a reduction of his sentence to time served to expedite his deportation.

Third, he also "has a scheduled visit to a urologist . . . [,] pending for over 5 years now" and "has been forced to live with the pain and discomfort of his undiagnosed condition for all this while." Doc. 223, Mot., 4.

Sila's claimed medical condition does not rise to the level of extraordinary and compelling. *See* § 1B1.13 cmt. n.1(A). The court in *United States v. Fowler* put it succinctly when it said:

> Extraordinary and compelling reasons in the context of a defendant's medical condition include when the defendant is . . . "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Fowler*, 2020 WL 7408239, at *3 (N.D. Tex. Nov. 17, 2020) (quoting § 1B1.13 cmt. n.1(A)). Sila alleges that he suffers from pain and discomfort from a five-year pending urologist appointment. Doc. 223, Mot., 4. Sila does not provide any medical records to substantiate this claim.

Sila also does not allege, nor does he provide evidence, that any of these conditions limit his ability to provide self-care at FCI–Victorville. Therefore, Sila has not shown extraordinary and compelling reasons to support his motion. *See* § 1B1.13 cmt. n.1(A).

Fourth, he avers that he "was prejudiced by his counsel's rude remarks to the Court," who responded to the Court "I am who I am" when asked about arriving late. Doc. 223, Mot., 4. Sila reasons that his counsel's response ruined "any chance in having the court . . . rule in [his] favor . . . or granting a downward departure."[5] *Id.* Sila inaccurately recounts the events. While the Court admonished his attorney for arriving late to his sentencing, the statement at issue—"I am who I am"—happened near the end of the proceedings after the Court asked his attorney if he had anything else to say about the loss amount. The interaction went as follows:

> The Court: Okay. All right. Mr. Dube, how about you?
> Mr. Dube: Yes.
> The Court: I know, you always have something extra to say.
> Mr. Dube: I am who I am, Your Honor.
> The Court: Yes, but you cannot be late to court, right?
> Mr. Dube: Yes, I apologize.

Doc. 220, Tr., 33–34. Sila's contention that his attorney's remark weighed against him is without merit.

Lastly, Sila argues that "[c]onsistent lockdowns . . . have greatly increased the severity of the sentence." Doc. 223, Mot., 2. Further, his ICE detainer requires him to serve his sentence "in one of the most restrictive facilities under the most stringent conditions and among some of the most dangerous and violent inmates" without the possibility of transfer to less-restrictive settings "such as camp, half-way house and home confinement." *Id.*

---

[5] Sila's argument sounds in ineffective assistance of counsel and the proper vehicle for such a claim is 28 U.S.C. § 2255. *United States v. Abreu*, 840 F. App'x 457, 462 (5th Cir. 2020).

-8-

While many courts have found that lockdowns during the pandemic materially altered the sentence envisioned by the Court, the cases cited by Sila are all distinguishable. In three of the cases, the defendants had significant medical conditions that, when combined with the prison conditions, warranted compassionate release. *United States v. Green*, 2020 WL 2992855, at *3 (D. Md. June 4, 2020) (asthma "as well as other significant medical issues"); *United States v. Park*, 456 F. Supp. 3d 557, 563 n.3 (S.D.N.Y. 2020) (severe asthma, mast cell activation disorder, Ehlers-Danlos Syndrome, and dysautonomia); *United States v. Palmer*, 2021 WL 3212586, at *2 (D. Md. July 29, 2021) (sickle cell disease, deep vein thrombosis, and pulmonary embolism). The fourth case found extraordinary and compelling reasons based on the combination of four distinct factors. *United States v. Rengifo*, 2021 WL 5027334, at *14 (S.D.N.Y. Oct. 29, 2021) (listing a change in Colombian law, the defendant's youth and rehabilitation, his family circumstances, and conditions of confinement as the four factors).

Taking the restrictive nature of prison lockdowns during COVID-19 and Sila's alleged urology issues into account, the Court finds that he fails to show that the combination of these issues constitutes extraordinary and compelling reasons for release. Further, even taking into account the totality of Sila's arguments, this combination does not present an extraordinary and compelling reason for release. *Cf. id.*

## IV.

## CONCLUSION

Sila's request for appointment of counsel is **DENIED** because he is not entitled to counsel at this stage of the proceedings. Moreover, his request for compassionate release under

§ 3582(c)(1)(A) fails because he has not proven exhaustion of his remedies. For these reasons, the Court **DENIES WITHOUT PREJUDICE** Sila's Motion (Doc. 223).

By denying Sila's motion without prejudice, the Court permits Sila to file a subsequent motion for compassionate release in the event that he can (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. However, to the extent that Sila merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Sila fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED**.

**SIGNED: March 16, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-10-